20-593-cv
Chasman v. JPMorgan Chase Bank, N.A.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of May, two thousand twenty-one.

PRESENT:  PIERRE N. LEVAL,
          RAYMOND J. LOHIER, JR.,
                *Circuit Judges*,
          GARY S. KATZMANN,
                *Judge.\**

-----------------------------------------------------------------

DAVID CHASMAN, HAIM SETH CHASMAN,

     *Plaintiffs-Appellants*,

    v.                   No. 20-593

JPMORGAN CHASE BANK, N.A.,

     *Defendant-Appellee.\*\**

-----------------------------------------------------------------

\* Judge Gary S. Katzmann, of the United States Court of International Trade, sitting by designation.

\*\* The Clerk of Court is directed to amend the caption as set forth above.

FOR PLAINTIFFS-APPELLANTS:     STUART WEICHSEL (Ronald W. Adelman, *on the brief*), Stropheus LLC, New York, NY

FOR DEFENDANT-APPELLEE:     ANDREA LIKWORNIK WEISS, Becker, Glynn, Muffly, Chassin & Hosinski LLP, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Naomi Reice Buchwald, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiffs-Appellants David Chasman and Haim Seth Chasman appeal from the January 15, 2020 judgment of the United States District Court for the Southern District of New York (Buchwald, J.), dismissing their breach of contract and breach of fiduciary duty claims against Defendant-Appellee JPMorgan Chase Bank, N.A. ("Chase").  The Chasmans' mother, Rose Ann, held an individual retirement account certificate of deposit ("IRA CD") with Chase's predecessor, First National Bank of Chicago ("First Chicago").  As alleged, Rose Ann's IRA CD was automatically renewable for three-year terms at a 12 percent annual interest rate.  After Rose Ann died in 2007, the Chasmans each executed

2

an agreement with Chase through which they requested a withdrawal from Rose Ann's IRA CD and a transfer of each of their halves of the funds from her IRA CD into new, beneficiary IRA CDs at Chase in each of their names (the "Beneficiary IRA CDs"). The Chasmans allege that their Beneficiary IRA CDs are entitled to a 12 percent interest rate in perpetuity, and that Chase deprived them of this entitlement in breach of contractual and fiduciary duties. The District Court dismissed the Chasmans' operative complaint and denied the Chasmans' motion for leave to file their Proposed Amended Complaint ("PAC") as futile. On appeal, the Chasmans address only the sufficiency of the PAC's allegations, and we do so as well. We assume the parties' familiarity with the underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision to affirm.

The PAC alleges that Chase "committ[ed] a substantial breach of contract" in 2012 by renewing the Chasmans' Beneficiary IRA CDs at a market interest rate below 12 percent. App'x 26. The District Court dismissed the Chasmans' breach of contract claim, concluding, as relevant here, that the PAC failed to identify any provision of any agreement that obligated Chase to renew the Chasmans'

Beneficiary IRA CDs at a 12 percent annual interest rate in perpetuity.

On appeal, the Chasmans first argue that Chase had such a contractual obligation based on an "addendum" letter that each Chasman brother attached to his respective agreement with Chase and a 1991 letter from a First Chicago account executive to Rose Ann. In their respective addenda, the Chasmans each asked Chase to "[p]lease transfer the IRA of my mother . . . to myself and my brother[.] These contract[s] bear a coupon o[f] 12% or so, which we expect to be transferred to us (50% to each of us)." App'x 206, 214. In the 1991 letter, which was not attached to or referenced in the Chasmans' agreements with Chase, a First Chicago account executive told Rose Ann that "I will personally see that your three year CD receives a minimum rate of 12% for all future renewals of the three year term," even though "the 12% minimum renewal offer was intended for the first renewal only." App'x 46.

We agree with the District Court that neither the addendum letter nor the 1991 letter suggest, much less contain, a contractual provision pursuant to which Rose Ann's IRA CD's perpetual 12 percent interest rate would also apply to the Chasmans' Beneficiary IRA CDs. To the contrary, the Chasmans' agreements

4

with Chase provided that the interest rate for the Beneficiary IRA CDs would be the interest rate in effect on each renewal date. Specifically, the Beneficiary IRA CDs would "automatically renew for the same time period as the initial term, and thereafter for successive like periods of time, with an interest rate then in effect on the renewal date for like term CD to be applicable during such time period." App'x 75 (emphasis added).

The Chasmans alternatively point to a clause in their deposit account agreement with Chase that provides that the "benefits and responsibilities of this Agreement shall also transfer to and be binding upon our successors and assigns." App'x 84, 116. They claim that this clause entitles them to the 12 percent interest rate referred to in the 1991 letter. We disagree. The 1991 letter did not create a contractual obligation to pay a minimum rate of 12 percent for all renewals in perpetuity by persons other than Rose Ann, the promisee of the letter. The sentence immediately following the one relied upon by the Chasmans prohibited the "transfer, assign[ment] or grant [of] a security interest in . . . [Rose Ann's account] without [Chase's] written consent." App'x 84, 116. The PAC does not allege, and the Chasmans do not contend, that Chase provided such

5

consent for Rose Ann's account. Instead, the Chasmans established new Beneficiary IRA CD accounts, which explicitly provided for future renewals at a market interest rate. The "successors and assigns" language of the provision does not entitle the Chasmans to a 12 percent annual interest rate in perpetuity for their newly opened accounts.

The PAC further claims that Chase "breached its duty to protect and maintain the account assets (specifically performance of the 12 percent renewal rate in 2012, 2015, and 2018)" and thereby "caused substantial damages to the assets held in trust." App'x 40. But the PAC fails to allege facts suggesting that a fiduciary relationship existed between the Chasmans and Chase.[1] To the contrary, in the Chasmans' IRA custodial agreement with Chase (to which the PAC refers and which both parties also reference on appeal), the Chasmans specifically "acknowledge[d] and agree[d] that nothing shall be construed as conferring fiduciary status upon [Chase]." App'x 228. Accordingly, we find no

---

[1] For example, "a cause of action for breach of fiduciary duty may survive, for pleading purposes, where the complaining party sets forth allegations that, apart from the terms of the contract, the [parties] created a relationship of higher trust than would arise from the [parties'] agreement alone." EBC I, Inc. v. Goldman, Sachs & Co., 5 N.Y.3d 11, 20 (2005). The PAC contains no such factual allegations.

6

basis to reverse the District Court's dismissal of the Chasmans' breach of fiduciary duty claim or its denial of leave to amend.

We have considered the Chasmans' remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk of Court